IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW PERRONG, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTH BAY ENERGY CORP.<br><br>Defendant. | Case No.<br><br>CLASS ACTION COMPLAINT |

**CLASS ACTION COMPLAINT**

Plaintiff Andrew Perrong (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

**Preliminary Statement**

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id…*This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. South Bay Energy Corp ("South Bay Energy") made telemarketing calls to residential numbers listed on the National Do Not Call Registry, like Mr. Perrong's, which is prohibited by the TCPA.

4. South Bay Energy did so despite the fact that Mr. Perrong has previously filed a lawsuit against them for their telemarketing conduct alleging it violated the TCPA. *See Perrong v. South Bay Energy Corp.*, Civil Action No. 20-cv-5781 (E.D. Pa.).

5. The Plaintiff never consented to receive the calls, which were placed to him for telemarketing purposes. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, the Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

6. A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

7. Plaintiff Andrew Perrong is a Pennsylvania resident, and a resident of this District.

8. Defendant South Bay Energy Corp. is a New York corporation with its principal place of business in Hauppauge, NY. The Defendant accepts process through Lipsky, Breksy & Lowe, LLP, 700 Veterans Memorial Highway, Suite 210, Hauppauge, NY 11788. Defendant is registered to do business into this District and does business in this District through the service its provides to its energy customers, as it attempted to do with the Plaintiff.

## Jurisdiction & Venue

9. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

10. This Court has jurisdiction over the defendant. South Bay Energy regularly engages in business in this District, including making telemarketing calls into this District and soliciting business from this District for its regionalized energy programs. Furthermore, South Bay Energy provides Pennsylvania residents with services in this District.

11. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the telemarketing calls to the Plaintiff occurred in this District.

## The Telephone Consumer Protection Act

12. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

<u>The National Do Not Call Registry</u>

13. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

14. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

15. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## Factual Allegations

16. South Bay Energy is an electric generation supplier that attempts to sell their residential electric services to residents of various states, including Pennsylvania.

17. To generate business through sales, South Bay Energy relies on telemarketing.

18.     Those calls violate the TCPA when they are made to residential consumers on the National Do Not Call Registry.

The Calls to Mr. Perrong

19.     Plaintiff Perrong is a "person" as defined by 47 U.S.C. § 153(39).

20.     Plaintiff's residential telephone number is (215) 338-XXXX.

21.     Mr. Perrong listed that number on the National Do Not Call Registry on November 22, 2017 and has not removed it from the Registry since that time.

22.     .

23.     Mr. Perrong uses the number for personal, residential, and household reasons.

24.     The number is not associated with any business.

25.     Defendant placed telemarketing calls to Plaintiff's number on April 20, 22, 25 and 26, 2022.

26.     All of the calls were placed from Caller ID numbers that were spoofed to appear local.

27.     All of the Caller ID numbers that were spoofed had numbers that began with (215) 338-.

28.     South Bay Energy was not identified through their Caller ID or at the start of the telemarketing call, so after the prior calls terminated, the Plaintiff went through the telemarketing process during one of the calls so he could identify the company.

29.     During the April 26, 2022 telemarketing call, the caller informed the Plaintiff that the Defendant is joining a "new program for the customer to get discount on your monthly bill for the next two years."

30.     The caller identified himself as a representative for South Bay Energy.

31. South Bay Energy was then confirmed to be offered on the calls by means of an independent third-party verification system.

32. At the end of the recorded verification process the Plaintiff was provided a verification number.

33. This number was unique to a sale for South Bay.

34. All of the telemarketing calls were made to promote South Bay Energy goods and services.

35. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up during the telemarketing calls and their privacy was improperly invaded. Moreover, these calls injured Plaintiff and the other call recipients because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of plaintiff and the class.

## Class Action Statement

36. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

37. The class of persons Plaintiff proposes to represent is tentatively defined as:

**National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

This is referred to as the "Class".

38. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

39. The Class as defined above are identifiable through phone records and phone number databases.

40. The potential members of the Class number at least in the thousands.

41. Individual joinder of these persons is impracticable.

42. The Plaintiff is a member of the Class.

43. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

>   (a) whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;
>
>   (b) whether Defendant made calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;
>
>   (c) whether Defendant's conduct constitutes a violation of the TCPA;
>
>   (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

44. Plaintiff's claims are typical of the claims of members of the Class.

45. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

46. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient

adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

47. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION

### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the National Do Not Call Registry Class)

48. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

49. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

50. The Defendant's violations were negligent, willful, or knowing.

51. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

52. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as a representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Defendant and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. An order enjoining Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making autodialed calls, except for emergency purposes, to any cellular telephone number in the future.

F. An award to Plaintiff and the Class of damages, as allowed by law; and

G. Orders granting such other and further relief as the Court deems necessary, just, and proper.

H. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making calls, except for emergency purposes, to any residential number listed on the National Do Not Call Registry in the future.

Dated: June 9, 2022

                                      PLAINTIFF,
                                      By his attorneys

                                      */s/ Jeremy C. Jackson*
                                      Jeremy C. Jackson (PA Bar No. 321557)
                                      BOWER LAW ASSOCIATES, PLLC
                                      403 S. Allen St., Suite 210
                                      State College, PA 16801
                                      Tel.: 814-234-2626
                                      jjackson@bower-law.com

                                      Anthony I. Paronich
                                      Paronich Law, P.C.
                                      350 Lincoln Street, Suite 2400
                                      Hingham, MA 02043
                                      (508) 221-1510
                                      anthony@paronichlaw.com
                                      *Subject to Pro Hac Vice*